Case number 24-3016. United States of America v. Ralph Joseph Celentano, III, also known as Ralph Joseph Celento, III. Ms. Baumgartel for the appellant, Mr. Hill for the appellate. Good morning. Good morning. May it please the court, Sarah Baumgartel of the Federal Defenders of New York on behalf of Ralph Celentano, and I'd respectfully like to reserve two minutes for rebuttal. The court should vacate several of Mr. Celentano's convictions, primarily because the district court gave an erroneous defense of another charge, which went to the heart of Celentano's primary trial defense. The court should also order a resentencing. The government concedes that the district judge made multiple errors at Mr. Celentano's sentencing, and the only question is whether these errors were prejudicial. For the reasons that we set forth in our briefing, they are. With respect to the self-defense claim, the district judge agreed that a self-defense charge or defense of another charge was warranted in this case, but the charge that the court gave made two critical errors. It erroneously, effectively instructed the jury that Mr. Celentano had to prove that the officer that he shoved, Officer Ellis, was using excessive force before he could claim self-defense or defense of another, but that reverses the burden of proof. In fact, it's the government's obligation to prove that an individual is not using excessive force, and even if Mr. Celentano were mistaken that the officer was using excessive force, he should still be able to claim defense of another, but the district judge's instruction misstated this law. The other mistake that the instruction made was that it asked the jury to consider the use of force from the perspective of the law enforcement officer, and as the government explained in its brief, as the government argues, this meant that their argument is that Mr. Celentano was supposed to consider the facts known to the law enforcement officer, and that should have been in his mind in order for him to be able to act in defense of another, but that that's not how self-defense law works. Would there be any difference between an instruction, self-defense instruction, in a case where the person who was attacked assertedly and for reasons of self-defense or defense of another is a civilian versus a police officer? There is a difference, yes, and so the case instructions reflect that difference. Well, the case law is clear that you can only use, the instruction has to say that the defendant believes that the officer is using excessive force, and so for an ordinary citizen, any use of force can precipitate defensive force, and so that's a critical difference. When the government talks about the right of self-defense being limited as to police officers, that's true, and the limitation is that there's this requirement that it be excessive force, but that doesn't answer the further question. Does the jury know what counts as excessive force? So they're supposed to consider it what they believe is reasonable under the circumstances. Excessive force has sort of a particularized meaning in the context of the law, and shouldn't the instruction at least inform the jury what that excessive force, determining excessive force, means more, I'm not talking about your perspective issue, but simply that it means more than a force that could reasonably, that the defendant would have to think that the officer was using more force than reasonably necessary under the relevant circumstances, and there's a lot of circumstances that are relevant to deciding whether something's excessive force, and so it just struck me that the instruction proposed by the defense was sort of very simple and didn't seem to take account of informing the jury about its need to view force through a different lens when the person who was attacked was a police officer versus a civilian. Actually, your objections with their instruction was that it changed the perspective entirely. Right. But doesn't there need to be more information for the jury about what it means for something to be excessive force to address the concerns the government has raised about not inviting everyone to interfere with every law enforcement officer engaged in the use of force? Well, I mean, the problem, your honor, is that even if there needed to be an additional sentence in the defense instruction, the government's instruction was just erroneous, and so the government's instruction didn't provide the jury with any guidance as to determining excessive force in the manner that your honor is suggesting. Rather, it did the defense instruction. Well, I don't actually think that's necessary because it says excessive force, and if you drilled out on some of the case law where they talk about it, it's what the jury believes is reasonable under the circumstances. I mean, this isn't something within the common ken of juries, what the definition of excessive force in the law enforcement context is. Well, but that's the issue is that it's not clear that the jury would need to find that it meets that definition in order. They have to find the defendant reasonably thought that it met this particularized standard in the law and not just that it was a use of force. I don't believe that's correct because there you are expecting the defendant to have some specialized knowledge as to the laws what constitutes excessive force, and that's not what self-defense requires. Otherwise, how do we protect law enforcement officers from interference? Because at some level, there has to be some burden on the defendant to think that this isn't just the type of force that I could interfere with if it were a civilian engaged in it. We have to have, in your case, the defendant make a judgment before attacking that this is something outside the bounds of what the law allows a police officer to do. It's a different baseline. And all the issues that is raising are addressed by the reasonableness requirement. And so general self-defense says that the use of force is no different than instruction in a civilian case. But that's right. But what's reasonable with respect to a police use of force versus what's reasonable with respect to a civilian use of force may be different, but the jury needs to be told that. No, because the defendant is not expected to have specialized knowledge in order to avail himself the same standard as civilian self-defense. But it doesn't have to tell the jury that it's a standard. Now, it can still be from the defense perspective. That's a separate question, to be clear. But you have to at least inform the jury about the nature of what the person had to believe. They had to believe that it was reasonable for me to interfere with law enforcement, which is a different judgment than it was reasonable for me to interfere with a civilian who was beating somebody up. And respectfully, all of that is covered by the instruction that the defense proposed and by the requirement that in the law that the defendant know the person is the police officer for there to be a separate rule and for the actions to be reasonable under all the circumstances. And if the jury here had been given a correct instruction, then the government could have properly argued in closing, maybe this use of force would have been objectively reasonable against a civilian, but it's not objectively reasonable against a police officer for X, Y reason. However, the jury was not properly instructed. And to bring it to the facts of this case, here you have an officer in full, right? You're repeatedly striking an individual with a baton. And so this is not a situation where the use of force was so obviously rough in the middle of a riot where people were running amok, your honor, trying to break into a governmental building, whether you call it a protest or a riot, it's not licensed for police brutality. A police officer repeatedly beating someone is also not licensed for civilian brutality on police officers. No, your honor. And that again goes to the reasonable use of force. And so that was all part of the defense instruction that the force has to be reasonable under the circumstances. But in this situation, there's no requirement in self-defense law that the defendant consider the use of force from the perspective of the person against whom he's using force. That's antithetical to the concept of self-defense because the idea is that, I think as Justice Holmes famously wrote, detached reflection cannot be demanded in the presence of force. So, and the Supreme Court has repeatedly talked about the circumstances under which a law enforcement officer must make decisions. And you don't say this in your brief, but it's undisputed that your client did not know the circumstances that were facing the police officer he attacked. Do you agree with that? Yes, we agree that Mr. Santana did not know all the things that Officer Ellis testified he knew. Yes. So what does your instruction tell the jury? It says that if the defendant, although not familiar with all the facts, thought the officer was acting excessively, then the defendant can attack the officer? No, Your Honor, but the gravamen of- No, but I'm trying to understand how it works from the perspective of your instruction. That he has a sincere and reasonable belief that he's preventing excessive police force. Here's what I'm getting at. An officer is in a chokehold. A second officer sees that, and the chokehold is being done by the rioter. And so the second officer takes action. Your client doesn't see any of that. All he sees is the second officers taking action. So I'm trying to understand how your instruction, given that excessive force is just force that's not reasonable under the circumstances, how it actually works. Because if your client testifies he had a sincere belief that the officer was acting excessively, is that the end of the question for the jury? And his belief has to be reasonable under the circumstances. And so- Leading to that, why isn't the error harmless? So that's obviously an argument the government makes. In this situation- And that's why I'm asking you to address it. Yes. In this situation, both Mr. Salantano and Officer Ellis testified. The video is quite equivocal. So the video that was presented to the someone, you do not see that person attacking another officer or putting another officer in a chokehold. And so- Was there any testimony challenging Officer Ellis' testimony as to that point, as to why he was acting in light of, I'm going to call this person, the third person, the rioter's conduct? Well, Mr. Salantano's testimony was that he couldn't see that. And so the point is that this is exactly why the- He doesn't know what's happening, that's my point. So he makes a decision about what is reasonable and unreasonable and excessive force by the officer. And I'm just trying to understand how the jury is supposed to parse this if it doesn't consider it from the officer's perspective in light of all the officer knows, since excessive force is excessive under the circumstances. You may be right, but I'm just trying to understand, when I read your brief, I wasn't clear how your concept works in terms of, if I'm a member of the jury, what do I do under your instruction? Because you are going, as will any defendant, present evidence that he or she had an honest belief that the officer was acting unreasonably. So certainly, Your Honor's question goes to the heart of why this instruction is prejudicial. So Ellis and Salantano testify, if the jury credited both of their testimonies and viewed the video evidence at trial, the jury could have easily concluded that it wasn't clear if Ellis was using excessive force, or perhaps he wasn't, but they could have credited Salantano that he didn't see this person with the chokehold, and so he believed that the force was excessive. Under those circumstances, Mr. Salantano should have been able to avail himself of this defense of another instruction. However, under the court's erroneous instruction, under those circumstances, the jury concluded that there was no self-defense available. That's exactly the problem with this instruction, is that if the jury credited the testimony of Salantano and Ellis, which was supported by the video evidence that the jury saw, they would have thought that Mr. Salantano was not entitled to self-defense, even though under a correct statement of the law, he should have been entitled to self-defense. So even if we accepted your understanding of how the defense of another instruction should have been, even if we accept that, I mean, why isn't the error still harmless? Because it seems that it's highly probable that the jury could have concluded that the person that Officer Ellis was hitting was the initial aggressor. So the law is actually that Mr. Salantano would have had to know that that person was the initial aggressor, and there was no evidence that he did. So if the jury concludes that Mr. Salantano was truthfully testifying, which from his perspective on the video, you could easily conclude, he doesn't know that this person is the initial aggressor. All he sees is a police officer in full riot gear repeatedly batoning someone. And again, the common law on this is very clear, is that a third-party intervener may actually have a greater right to use force than an individual against whom, who they're acting to protect, if they don't know everything that that person knows. And again, I understand that some of this may be counterintuitive, but self-defense law is designed to protect defendants who act with a sincere and reasonable belief. I understand, but we've also said it's really important in this context, of law, attacking law enforcement officers, that the tests factor in all the relevant circumstances to determining whether force was excessive. And your argument today seems to be the less the defendant knows, the more they're justified in attacking police officers. He didn't know who started it. He didn't know what the police officer was doing. He didn't know why he was hitting the other person. He couldn't see over the ledge. He just saw a police officer in the midst of a riot, engaged in trying to control somebody, and thought it was a good time to body block him. Your Honor, not at all. Again, the stopgap is that a jury gets to consider whether or not the defendant's actions are reasonable. And so these are exactly the sort of... reasonable under the circumstances, but the circumstances seem to be only what Mr. Celentano thought for a split second. And that gives no reality at all to the requirement that excessive force looks at all the circumstances in which the officer is acting. No. For every self-defense claim, there's a subjective and an objective perspective. The subjective is the defendant's, and then there's an objective reasonable person standard. And we agreed with that. That's what our instruction said. And these are exactly the fact-intensive decisions that 12 jurors should be making. What exactly is your objective reasonable person test? Because it would have to be a reasonable person unaware of all the circumstances. No, not... Yes, because you said, you admitted he didn't know that, in fact, there was a person with a police officer in a chokehold right there. And that was one of the circumstances in which... That was the key circumstance that caused the officer to be striking the person with a baton. That's an incredibly... You would have to agree that's an incredibly relevant circumstance. A defendant doesn't have to know everything the officer knows. The question is whether the actions are overall objectively reasonable. No, but does a defendant have to take some time to assess the relevant circumstances? Otherwise, we're back to where I started, which is the less you know and the less you bother to learn, the more entitled you are to attack police officers. And that seems a troubling rule. Not at all, Your Honor, but part of what you're arguing with is... How does your test protect against my concern that the less he knew, he didn't know who was the initial aggressor. He didn't know why the officer was engaged in the behavior the officer was engaged in. He didn't bother to stop and think about it before attacking. And yet your argument is that's perfectly reasonable from his perspective. Because there's always a stopgap that it has to be objectively reasonable. And so there are always... No, you just told me objectively reasonable based on... You don't want it to be on the officer's knowledge. You don't want it to be on what was actually going on. You only want it to be objectively reasonable based on the facts that he had. Is that correct? No, Your Honor. Objective is objective, but objective doesn't mean the officer's opinion. And that's the problem with the government's instruction. Does it include the fact that there was a person in a chokehold, another officer in a chokehold that this officer was trying to free? Well, the jury has to decide that. So the jury, if the jury credited that when Officer Ellis said it, that would be the first decision for the jury. That seems inconsistent with your argument that it's really... Even if in fact it was objectively reasonable, he could still have a reasonable belief that it was not objectively reasonable and be okay in attacking him. Your Honor, argument is very straightforward. There's a subjective and objective component. Subjective is what Mr. Salentano knew. Objective is a reasonable person, not the officer's own testimony about whether, Your Honor, the law's hypothetical reasonable person. I mean, in this context, take this case, what would that reasonable person know? Would that reasonable person know that the officer was engaged in the use of force because another officer was in a chokehold and he was trying to protect that officer? Would the reasonable person take that into account? That's a fact question for the jury. Officer Ellis testified that that's why he was striking this person. And so it's the first step for the jury.  Well, Mr. Salentano didn't see that. He said he couldn't see. That's all. That's not counter evidence. No, Your Honor, but that's what I'm saying is that you're asking, what would the jury be looking at? The jury would be deciding whether accredited this person's testimony as to why they were doing what they were doing. They would be looking at the videos. They would be making a decision about whether what Mr. Salentano did was objectively reasonable, given everything that they saw. And that is a really fundamental instruction conveyed because you've also argued that even if he was wrong and couldn't see and didn't know what was going on, as long as based on what he saw, he reasonably thought it was necessary to use force. So you're disavowing that position now. No, Your Honor, but we've also gotten far away from the other mistake with the instruction, which is that it... I'm trying to understand your instruction. So let's stay on this question. Emma, are you arguing, this is where I'm getting confused about, you think the reasonableness inquiry is here. Are you arguing that if, in fact, the jury credited Officer Ellis' testimony, but also credited Mr. Salentano's, that I couldn't see, I didn't know, I just saw this officer hitting someone with a baton. And I, let's assume they, I, if that's all we knew, and that's all the facts that there were, reasonably thought that was excessive force. That he should... Sorry. ...instruction say that should be sufficient for him to be self to, for a jury to find that he engaged in self-defense, even if somebody standing back would also, the jury also credited Mr. Officer Ellis' testimony. Yes. A defendant can avail himself of self-defense if he makes a reasonable mistake of fact. And so if Mr. Salentano... ...in all the circumstances. Yes. And that bring... Then we are back to saying the less you know. No, Your Honor, but the self-defense... You can't say it's all of it. And you can't say that he still can have his defense without knowing. He can be act reasonably without knowing the relevant circumstances. Your Honor, I think your primary complaint is with self-defense law and not with our argument particularly, because self-defense law understands... But this is a difficult question on which I'm not seeing a whole lot of precedent on how we instruct a jury in the context of a decision to attack a police officer without pausing for a second to figure out what's going on. There are many stopgaps, right? And so the first thing is there has to be an excessive force. And so if an officer is using what any reasonable person would consider to be a non-excessive amount of force... That's right. Back to the same problem here. Any reasonable person or did your defendant reasonably believe? That's not the same thing. Your Honor, because there are two inquiries, subjective and objective. And so the stopgap... Are you calling that the subjective or objective inquiry? But Your Honor, I think Your Honor's concern is that the less you know, the better off you are. That only pertains to the subjective. For the objective component of the self-defense charge, which our instruction considered, the jury looks at all of the surrounding circumstances. And so, for example, and I write this in the brief, if a uniformed police officer tries to handcuff someone on the street, just puts them in handcuffs, the defendant tried to claim, well, I thought that they were doing something unlawful. It would be very easy to see that that would be unreasonable. The defendant's belief would be unreasonable. And so there are many circumstances where no matter what the defendant objectively says, a jury might conclude that that was simply an unreasonable opinion. And so that's where the objective reasonableness comes into play. The problem with the government's instruction is that it went beyond simply objective reasonableness to suggest that the police officer's own opinion about his use of force should govern this question. And that's the problem. The second problem, of course, is that it suggests... is that the jury was required to accept officers Ellis's perception. And I don't see that. The government said that it was from the perspective of a reasonable law enforcement officer. And so the only testimony about the law enforcement officer perspective was Ellis's. And then the government further argued that the defendant should be essentially imputed to know everything that officer Ellis knew. And so that's why it takes it beyond what would purely be objectively reasonable to a more subjective perspective. Well, you want to use these words to bolster your argument. And I understand that. But I don't think it's helpful here where you're just putting subjective where it favors you and objective where it doesn't favor the government. So that's why we're pressing you on this. Because this is not a context of a man on a street where the officer is trying to handcuff him. This is a riot where police officers were injured, one was killed. And in that circumstance, whose perspective should the jury first consider? And again, I'm back to where Judge Rouse question, why isn't any error harmless given the circumstances here? Your Honor, truly, even if it is a riot, that does not give police officers license to beat someone. No, no. But it does go back to the fundamental question of what do we expect of law enforcement officers? And Congress has repeatedly passed statutes with requirements, and the common law has requirements. And you, as I understand it from your instruction, want to reverse that by saying, whatever the defendant thought, regardless of his basis of knowledge, if he thought the officer was acting unreasonably, then he was entitled to attack the officer. Isn't that what your instruction says? No, Your Honor. Why doesn't it? That's what I can't understand. It says that he has to have a reasonable belief that the use of force was because what he sees is the officer repeatedly hitting a rioter on the head. So from his perspective, as I understand your argument, all he did was to body ram the officer to stop. I mean, your client said, all I wanted to do was to get the officer to stop hitting the rioter on the head. But there's never any acknowledgement of the circumstances bringing the officer to the conclusion that was necessary. And that's what I'm trying to understand, what our legal system as a jurisprudential matter expects of the fact and that's why all these cases that both sides cite, you know, do not speak in a holding that makes it clear that we are bound one way or the other. And we're trying to figure out within our system, what should be the rule if we have to even decide that question, or we can just to say, you know, it was harmless error. Understand. I mean, I would encourage the court not to find it harmless because again, the self-defense instruction was addressed by both parties. It went to the heart of Mr. Celentano's primary trial defense. The government specifically cited the instruction that we claim was erroneous. And so it was clearly an important part of the trial. I would also say that under the circumstances. There's no question, but all the cases that sort of lean in your favor are just so distinct where the defendant is essentially the victim of the police officer. And that decision has already been made. I also just to some of what else your honor mentioned in terms of, you know, the government sites in 1983 cases, and there are obviously many doctrines protecting officers who use force. I think it makes sense to look at it from a different perspective here. Those are cases where we're determining the liability of the officer. And in those situations, it makes sense to consider the perspective of the officer to determine from their perspective, whether their actions are reasonable here, we're considering the liability of Mr. Celentano. And that's why self-defense law has a different focus than the 1983 cases. But we have to realize the consequences of a ruling would be when we say you're opening the door to attack some police officers while they are engaged in the very, very difficult job of physically detaining, restraining, or halting a suspected criminal defendant. So I understand the liability issue is on a different foot here, but the legal consequence of a ruling that says a jury could say, well, here are the facts Mr. Celentano knew. And given those facts, just those facts, he acted reasonably, even if those were not the relevant objective circumstances. So many cases have recognized that there is a right to use self-defense against police officers and there is a right to use self-defense in 111 charges. And so, but I understand your officer's concern or your honor's concern. I just, I want to highlight a couple of sort of stop gap safety measures in this. You know, the government talks about the fact that self-defense against an officer is limited and we agree with that. So it's not against an officer using any amount of force. There is this requirement that there has to be a belief that it's excessive force. Many of the cases, the government sites also talk about basically the abandonment of the common law. Does it have to be an informed, reasonable, you said a belief that it was excessive force. Obviously I assume you meant a reasonable belief. A reasonable belief. Right, right. Does it have to be an informed reasonable belief or uninformed? So obviously that sounds like a trick question. Uninformed. I do love that question. I'm really trying to test. No, I know. But I just, uninformed in the sense that you don't have to know all the facts of the situation. Your actions have to be reasonable. Uninformed. That clarifies for me. You don't have the right, for example, to resist arrest. So that's established. I think most jurisdictions now have abandoned the idea that you have the right to forcibly resist even unlawful arrest. And so we're talking about a very limited right where there's a sincere and reasonable belief that a police officer is using excessive force and you may respond with no more force than is necessary. Reasonably necessary under the circumstances. And so it is in fact a fairly limited rule that permits individuals when they think they've witnessed what is essentially police brutality to take an action to stop that brutality. It will apply in all criminal cases. I don't know why it's limited. Is that right? You said there are all kinds of stop gaps. Yes. And this is a very narrow rule that would only apply when a defendant is in a riot on the U.S. Capitol grounds. I mean, this is a general rule about when you can come to the defense of another. That's what you're asking for. So this is not a narrow holding. Well, Your Honor, I think it will probably be more sympathetic when the rule is applied outside of this context, frankly, because we've seen a lot of incidents of police brutality, unfortunately, in this country in the last several years. And so if you have a situation where a police officer is, for example, in New York, we had many protests after George Floyd's death. If you have a situation where in the context of a protest, even a protest that turns violent, where a police officer is viciously beating someone, there should be the right of someone to intervene. Well, in those cases where the courts have recognized where there's sadistic conduct by a correctional officer, I mean, you suggest that the instruction that was given abandons the defendant's right to show that an officer was acting excessively. No, it reversed the burden. So even though the law should be clear that it's the government's to prove that the officer was not using excessive force, it suggested that before even considering Mr. Celentano's claim, he had to show that the officer was using excessive force. And our argument is that's not correct because he could have been mistaken or the jury could have been unsure if he was using excessive force and he still should have been entitled to avail himself of self-defense. I see that I have gone way over and so I apologize. I would answer any questions related to this sentencing. I would just urge the court to remand the case for resentencing. It was an extremely complicated sentencing and the government concedes that there are a number of errors in this context. It just makes sense to give the district court another opportunity. Well, but the district court already told us what he would do. So you have to win on your instructional error, don't you? No, Your Honor. The district court made a very specific statement that he would impose the same sentence if one issue was different, but in fact there were several errors and so I think there are a number of errors the district court, including just the consideration of the 1512 charge of which Mr. Celentano was acquitted and which now I think the government agrees under Fisher. And the district court was fully aware of that? No, Your Honor. That was before the Supreme Court's decision in Fisher and so at the time I think the district court was acting under a misapprehension as the law on that and then just because the number of issues we asked for a remand for resentencing. Any more questions from my colleagues? Judge Rogers, do you have any more questions? No, thank you. Thank you very much counsel. We'll still give you two minutes for rebuttal. May it please the court. Dietrich Hill on behalf of the United States. The instruction given at trial fairly stated the law on Celentano's defense of another, defense of another self-defense claim. Self-defense in this context is more limited because the police are different. We apply different standards to the use of force by the police. Both sides agree in this context that Mr. Celentano has the actual belief that the police officer was using excessive force and the question is just how to assess the reasonableness of that belief. We should assess the reasonableness of that belief. Your instruction required the jury to find that it was excessive that intervention we say the intervention was reasonable in the view of the police officer and not in the view of the defendant. It required, in some sense, yes. Well, in terms. Well, it required the jury. One element of the self-defense or defense of another defense was that the police officer had to be using excessive force from the perspective of an objective police officer. In other words, an objective police officer would agree that this force was excessive. Now that didn't reverse the as opposing counsel contends because at the end of all of those instructions, the district court made clear to the jury. It's a completely different perspective than what the law has always been for self-defense, which is you view the right to intervene from the perspective of the defense. Was it reasonable for the defendant to conclude? It is a different perspective. And what yours is, did the officer who was engaged in clubbing the other person think it was, would a reasonable officer, did the officer reasonably believe it was excessive? So this is a total shift in perspective. It is a shift in perspective. You have no cases to cite for it. Well, no. You're citing 1983 cases. You have no court that's ever adopted instruction like this? We have. Well, the closest case that we've seen is branch from the fifth circuit, which squarely holds that you get a self-defense instruction in a section 111 case only if there's evidence of excessive force as viewed from the perspective of a reasonable law enforcement officer on the scene. That's the closest case in the 111 context. There are a number of other cases in the 111 context that are somewhat ambiguous on the point. They say there has to be a reasonable belief. Why isn't it sufficient to keep it, the question, from the perspective of the person who engaged in self-defense? But inform the jury what the relevant framework for analyzing that is, instead of shifting it over to this impossible question of how a defendant is supposed to know what the reasonable officer, knowing all kinds of facts that the defendant doesn't know, would think. I don't know how that ever happens. Right. An objectively reasonable person is often not going to be equipped either because they're just a civilian or because they don't have all the facts to make an assessment of whether the officer is using excessive force. And to be candid, that means that sometimes a person can make a mistake that in some sense is objectively reasonable from a non-police officer's perspective and still be liable because the police officer was lawfully using force. But the point of that is to protect police officers. You want actual unlawfulness? Effectively, yes. But self-defense has never, I mean, it's just been pretty well established that as long as the defendant reasonably believed that the use of force was necessary, it doesn't matter that in fact, you got, sorry, in fact, you got the facts wrong. Right. That's always been the standard. In the ordinary case. It's not necessary to protect police officers to go that far, as long as one were to instruct the jury on the appropriate framework in which to analyze objectively whether one could reasonably conclude that excessive force was being used. There are a number of jurisdictions that support us on this point, including DC, which is the most common jurisdiction, as I read it, cited in the defendant's brief, which says that in an assault on a police officer prosecution, you get defense of another only if there's actual excessive force. You can't make a reasonable mistake about whether there's excessive force. And that's also consistent with the common law rule on resisting an unlawful arrest. You had to be right. If you made a reasonable mistake about whether that was that consistent with a common law understanding of self-defense in general, right? That it's a justification for what someone did, which means that it has to be from the perspective of the person engaged in the action. It is a different rule than the common law as not as applied to ordinary people and not police officers. We're asking for a different rule. We think that's correct in this context. There should be a special rule for police officers that says that you look from the perspective of a reasonable police officer. Why isn't it sufficient, though, for the reasonableness standard to take into account the particular context of the fact that it's a law enforcement officer? That's the alternative standard, but this is the more protective standard. And it doesn't seem fair to put a police officer in the position of using force that a court would later agree is objectively reasonable and yet expose that police officer to attack by a civilian who doesn't necessarily know all the facts and they're coming at it from a different perspective. In this case, of course, one of the reasons that we think any error is going to happen if an objective person viewing all the relevant circumstances would conclude that the force was excessive. So we're not talking about protecting law enforcement officers generically. We're talking about how to strike the balance protecting officers engaged in the use of force when objectively a reasonable person familiar with all the relevant circumstances would conclude that the force is excessive. Well, it's not a reasonable person familiar with all of the relevant circumstances, as Your Honor alluded to earlier, because under the defendant's view here... No, that may be the defendant's one, but I think the trial was asking about informing the jury what the framework is for analyzing this as part of the reasonableness inquiry. And so as long as the jury is informed as to how excessive force needs to be analyzed, it's not just a layperson standard. They would have to determine that under the relevant circumstances, the force was excessive from the viewpoint of a reasonable person. This puts the burden on a civilian observer to find out all of the circumstances known to the officer and then to assess whether the force was excessive from an officer's perspective. If the civilian can't do those things, he or she should not be intervening and violently assaulting a police officer. There's a risk here of tipping the balance too far the other way, because there are plenty of situations where, in fact, police are engaged in excessive force and intervention might have saved an innocent life. But if we say, oh no, don't take any risks, unless you've done your legal research and have a lawyer advising you that this is excessive force, don't intervene. I mean, there needs to be a relevant balance here and the self-defense balance has always stopped short of requiring that, in fact, what the other person was doing was unlawful. Well, and we agree that if the police officer is using actual excessive force, there is a defense of another defense available. Could a reasonably informed person reasonably conclude that it was excessive force is different from whether it was excessive force? It is different. I'm just pointing out. The one, why do we need to go beyond the way I've articulated it and protect that extra margin? There are, because there is this gray area where we don't want police to be using legal force and still subjected to violent intervention that the law protects. And the police officer is going to know, oh, I'm using reasonable force, but a person who can't see the hands of the person I'm using force against, can't see that they have a knife could come along and assault. But isn't our jury system premised on the notion that reasonable people who have been through voir dire can make a judgment if they are instructed on what factors need to be taken into account. My concern, as my questions to counsel for appellant indicated, I'm just not sure how this defense of another works, in fact, under either party's instructions. Because any officer is going to testify that based on his training and experience, what he did was reasonable given the facts he knew. I mean, it'd be a rare case that that doesn't happen. So too, in my view, as a former prosecutor, it's going to be a rare case that a defendant will not say, even when the officer is putting on handcuffs, that the officer used excessive force. So where does that leave the system we have? And I thought that's what my colleagues' questions are getting at. And I understand from the government's perspective, why it's favorable to have the instruction that was given. But I don't know that that's consistent with sort of the history of what the role of self-defense was all about. Namely, when some person is attacked by organized forces of government, what's your defense? And you may not know everything. But from your perspective, seeing any officer under any circumstances, as I understand the argument here, hitting somebody repeatedly on the head with a baton is a reason to try to take what, from the defendant's point of view, was reasonable action to stop that. And the jury can reject his defense on the grounds that he was totally unaware of this second officer being held in a chokehold by this rioter, and we're in the midst of a riot. That's what I'm concerned about. And I think that's sort of what our questions are getting at. It's easy to see why each side wants the most favorable instruction, but what is it doing to the system and how we have conceived of it through the common law, and of course, through the statutory law as well, in terms of our procedures and what defenses can be raised by a defendant. Right. I think I have three responses. First is simply that there could be hard situations in which, for example, expert testimony was required to determine whether an officer was using reasonable force. I don't think that is this situation. There's no real evidence in the record that there was, in fact, excessive force from the perspective of a reasonable officer. Second, thinking about the common law, there are jurisdictions that support this test that the government is asking for, and there is the common law of using force to resist, as I said before, an unlawful arrest, where if you were wrong, even if you were reasonable in thinking that the arrest was unlawful, you were criminally liable for assault. So you did so at your own peril, as a number of cases have said. Third, this is a matter of federal common law. It's a federal common law defense. And so to some extent, the court is looking at the real consequences, as well as Congress's intent in enacting Section 111, which, as the Supreme Court put it in FIOLA, is to extend maximum protection to federal officers. Mr. Hill, is this position about defense of another... Has the Department of Justice been taking this position consistently across civil disorder context, or is this a position that it's taking in the context of these January 6th cases? I have not seen... It's certainly possible that some brief somewhere has addressed this before. I have not seen a general position. I have not seen a brief that addresses this exact question. I can tell you, in fact, that more recently, we have taken a more conservative instruction on the belief that we can win almost all of these cases with a more defendant-friendly construction like that proposed by the defendant here. But frankly, we think this is right in any case. And this is, in some ways, not the most dramatic case. The worst case is the situation where somebody is threatening to use lethal force on an officer. The officer has his gun drawn, and the third-party intervener can't see why, and is going to attack a police officer and put everybody's life at risk. That is going to escalate the situation. And that's why, in these difficult cases where a civilian is not equipped generally to know when a police officer, whether a police officer should be using force, we want to discourage intervention. When you say this is a government position, is this one considered within main justice, including consultation with the Civil Rights Division, which section that prosecutes crimes against police officers for unconstitutional conduct? No, we did not consult with them. So this is just your office's position? Yes, and I thought the question was the government's position. Right, I apologize if that was unclear. To my knowledge, we don't, there's no main justice position on this, and I could be mistaken about that. But I do think this is consistent with... So we could be buying a position that the Justice Department might not be willing to defend... Well, I think this is... ...for further review after consultation with the Civil Rights Division that sees, at least a section of it, sees the very different side of police officer conduct. To my understanding, though, this position is the same as taken in both the 1983 cases and prosecutions against police for police brutality, which is from the perspective of a reasonable police officer, should the police officer have been using force, or that degree of force. That's about the culpability of the officer, where here we're talking about the culpability of someone who stepped in to defend another person, their culpability. It's a different perspective. It is a different perspective. And again, to be candid, we're asking for a rule here that's specific to police officers because the law has rules that are specific to police officers. They use a different degree of force, and they use force under circumstances that ordinary people could not, and circumstances where an ordinary person might not even be able to assess whether the use of force is appropriate. Can I ask you a question about the double jeopardy? Yes. So section 231A3's requirement that a civil disorder affect commerce or the performance of a federal function seems to be a jurisdictional element, and there is a split in the circuits about how a jurisdictional element of a crime should count for the purposes of the Blockburger analysis. So I'm wondering, to rule in favor of the government on double jeopardy, do we have to reach that circuit split? No. And I guess I have two responses. One is that there's another element that's clearly distinct, which is the performance of the officer's duties during a civil disorder. And as this court held in Stevens, these offenses are clearly other than one another. But also the real point of the Blockburger analysis is that in order to prove the section 111 violation, we didn't have to prove anything about the 231 because we could prove the felony section 111 violation purely by proving physical contact. We charged that, and we did prove it that way, which is why there's no hard Blockburger question here. Do we look at Blockburger after the fact based on the conviction, or do we look at it up front based at the time of charging? Ordinarily, I think the court looks at it up front. In this case, we're not contesting that essentially we look back to determine what the other felony was. Normally, for example, in a felony murder case, the government would charge murder in the course of a robbery or something. Here, it charged murder in the course of another felony, but we're not contesting that after trial we should treat that other felony as the actual felony that the jury concluded there was intent to commit. I'm trying to understand how you're, do you have any authority for us looking, applying the Blockburger analysis at the essentially the tail end of the case, based maybe on jury findings, since you had the two alternative grounds here and specific findings, and not applying it up front when you charge 111 and intent, one option of which was intent to commit another felony, which brought in, necessarily brought in all the elements of 231 since that was your other felony. Right. It doesn't matter here because we charged the alternative physical contact up front and we proved it. Why does it matter if we're looking up front? If the jury had come back and not found the physical contact portion, had only found the intent to commit a 231 felony, would there then be a Blockburger problem? Then we would reach the very difficult question of whether one of the Section 111 verbs, such as resist or oppose, always constitutes a substantial step for purposes of the Attempt Theory 231. When would it not? Frankly, Your Honor, because Blockburger is an entirely hypothetical test based purely on the elements, you have to answer some very difficult and weird hypotheticals about. I'm trying to understand what the position of the government would be if the jury had come back with a no on the physical contact alternative for 111. What would the answer to Blockburger be? I understand it might be a difficult analysis. What is the government's position as to what the answer would be then? We haven't formally formulated a position. My instinct is that we would still argue that there's no Blockburger problem because there are conceivable ways to violate Section 111 that a jury could rationally conclude. It wouldn't count as a step towards interfering with a... I think in most cases we would, in most practical cases, we would argue that whatever the offense was that was committed under Section 111 also constituted a substantial step. The question is just whether you can think of any conceivable way to violate Section 111 that would not constitute a substantial step, which is why you get into weird... If we do Blockburger up front, why don't we have to do that difficult analysis here rather than relying on the post hoc fortuity that the jury found both prongs satisfied? Here if Blockburger, if you do Blockburger up front, then it's even easier because it didn't matter whether we proved physical contact at all. And in fact, normally it's a special verdict here that makes things odd. Sorry, you're saying it doesn't matter that you... It's irrelevant whether you prove physical contact if you're doing it up front? Why? That's exactly the hard question you said you didn't want to answer. Right. Well, because ordinarily there's no special verdict form. So if you charge two alternatives... I understand. I'm very confused about your answer because I'm asking you if up front we don't know how the jury is going to come back. Let's assume you're planning to do a special verdict form at least to help you out with Blockburger. We don't know how the jury is going to come out. So why don't we have to do that difficult analysis of whether your 111 claim that specifically charged as being predicated on committing the other felony 231 is not a double jeopardy problem? Why do we have to decide that? Because we also indicted on physical contact. So because we indicted... No, we don't know what the jury is going to do. And you said if the jury... The upfront point where you're doing Blockburger, we don't know the jury's coming back. And you've said if the jury doesn't come back on physical contact, we got an issue. If we have to do it up front, why don't we have that issue now? Why don't we have that same issue, look at it without yet knowing how the jury is coming back? Because if we do it up front, I do think that's the easiest case because we charge physical contact. And if we get an ultimate jury verdict, we know that the government actually didn't need to prove. And we don't even know if they did prove intent to commit the 231. We only know they proved one of the prongs. And so you definitely... We know what the government proved. In this case, we proved both. Yes. And if it's a very difficult question about double jeopardy, we know that he may very well may have been put in jeopardy to the extent the government pursued the commit another felony prong theory. No, there's no double jeopardy problem because we charged and proved the physical contact prong. So the government did not necessarily or invariably have to prove the 231 intent. And so there's simply no double jeopardy problem. Judge Rogers, do you have any other questions? No, thank you. Thank you very much. Great. We would ask the court to affirm. Okay. Ms. Baumgartel, am I saying that right? Gardel? That's enough. Baumgartel. Baumgartel, I apologize. It took me a few minutes that you asked for. Thank you. I mean, just briefly, I believe as Judge Rogers mentioned, our first issue is actually unsettled. I mean, I think the government said that branch from the Fifth Circuit squarely holds their way. That's not right. I mean, that was a case where the court was affirming the refusal to give any self-defense charge in a very different context. Same for D.C. And if you drill down on a number of the cases that the government cites, there is not actually a case that holds and there's certainly not a consensus that you have to charge this perspective of a reasonable officer. Just with respect to the government's argument that special rules should apply to police officers, I just want to highlight that even the government agrees that the self-defense rules only change if the defendant knows that the individual is a police officer. And I think that really underscores that even when we're dealing with the use of force against people who are police officers, it's fundamentally the defendant's own perceptions that govern a self-defense claim. And so if you have an undercover officer, the government agrees. If the defendant doesn't know the person's an officer, they may be entitled to use the same amount of force as in any other context of self-defense, which I think supports our argument that it fundamentally comes back to the defendant's perspective. The final argument I'd just like to make is that these are extremely fact-intensive questions about when it is reasonable for an individual to use defensive force. And they are the sorts of questions that are truly best left to a properly charged jury to hash out the facts and to decide whether, in their opinion, as the conscience of the community, the defendant's actions were reasonable. And so that's why our instruction would have been sufficient here, and this should have been a jury question. Thank you. Any other questions? All right. Thank you very much, counsel. The case is submitted.
judges: Millett; Rao; Rogers